UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           :
ROBERT SELEVAN and ANNE RUBIN,                             :
individually and on behalf of all others                   :
similarly situated,                                        :
                                                           :
          Plaintiffs,                                      :
                                                           :
     v.                                                    :   AMENDED COMPLAINT
                                                           :
                                                           :
NEW YORK THRUWAY AUTHORITY                                 :   Civil Action No. 06-cv-291 (GLS/DRH)
and JOHN L. BUONO, individually                            :
and as Chief Executive and Chairman                        :
of the New York Thruway Authority,                         :
                                                           :
          Defendants.                                      :
---------------------------------------------------------- x

   Plaintiffs Robert Selevan and Anne Rubin, by their attorneys Locks Law Firm PLLC, and the Law Office of Harley Schnall, as and for their Complaint against Defendants, alleges as follows:

**NATURE OF CASE**

   1.   This is a civil rights class action, brought by plaintiffs ROBERT SELEVAN and ANNE RUBIN (hereinafter "Plaintiffs") on behalf of themselves and all others similarly situated, arising from the differential and discriminatory toll policies that Defendants have in effect at certain facilities in New York State under which discounts are made available to residents of certain areas of New York State to the exclusion of residents of other states or other areas of New York State.

   2.   As set forth below in more detail, Plaintiffs allege the differential and discriminatory toll pricing violates the United States Constitution, Art. I, § 8, Cl. 3 ("the

Commerce Clause"), Art. IV, § 2, Cl. 1 and Amend. XIV, § 1 ("the Privileges and Immunities Clause") and Amend. XIV, § 1 ("the Equal Protection Clause"), and thereby is actionable under 42 U.S.C. § 1983, and that the pricing also violates the New York State Constitution, Art. I, § 11, and has led Defendants to be unjustly enriched to the detriment of Plaintiffs and the other members of the Class.

## JURISDICTION

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1343 because this action is filed to obtain injunctive and compensatory relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the United States Constitution and federal law pursuant to 42 U.S.C. § 1983.  This Court also has jurisdiction over this action under the provisions of 28 U.S.C. § 2201 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper under 28 U.S.C. § 1391(b) because Defendants have their principal places of business within this District.

## THE PARTIES

5.  Plaintiff Robert Selevan is an individual who resides in Nassau County in the State of New York and who, in the course of engaging in interstate commerce, used the facilities on Interstate-190 known collectively as the Grand Island Bridge and paid tolls there at the nonresident rate during the relevant alleged class period.  Such usage of the Grand Island Bridge constituted a portion of a trip through the State of New Jersey and the State of New York including tourism and shopping, encompassing the purchase of goods or services or other economic activity with commercial establishments therein.

6. Plaintiff Anne Rubin is a United States citizen who resides in Ontario, Canada and who, in the course of engaging in interstate commerce, used the Grand Island Bridge and paid tolls there at the nonresident rate during the relevant alleged class period. Such usage of the Grand Island Bridge constituted a portion of a trip through the State of New Jersey and the State of New York including shopping, encompassing the purchase of goods or services or other economic activity with commercial establishments therein.

7. Defendant New York State Thruway Authority ("NYSTA") was and is a public benefit corporation organized and existing under and by virtue of a charter by the State of New York, and at all relevant times was charged with managing transportation facilities in the State of New York. The NYSTA operates, among other facilities, the Grand Island Bridge.

8. The principal place of business of the NYSTA is located at Albany, New York.

9. The NYSTA is neither the "alter ego" nor the "arm" of the State of New York, but is an autonomous corporation, and thus does not come within the aegis of the Eleventh Amendment of the U.S. Constitution.

10. Defendants John L. Buono is Chairman and Chief Executive Officer of the NYSTA, and under his aegis the policies and actions of the NYSTA are set, continued and directed, and, as such he is a policy maker with respect to the conduct alleged herein. Mr. Buono is sued in his personal and official capacities.

## ALLEGATIONS

11. The Commerce Clause of the United States Constitution (Article I, § 8, cl. 3) prohibits states and their agencies from impacting the flow of interstate commerce through non-uniform tolls, tariffs or taxation schemes. Similarly, the Privileges and Immunities (U.S. Constitution Article IV, Section 2, cl. 1; Amendment XIV, Section 1) and Equal Protection Clauses (Amendment XIV, Section 1) prohibit any state or state agency from discriminating against out-of-state residents through non-uniform tolls, tariffs or taxation schemes.

12. During the Class Period, as defined below, and continuing today, Defendants have implemented and/or maintained policies setting a higher price for tolls on the Grand Island Bridge, for motorists traveling in vehicles with motor vehicle registrations from states other than New York and from all areas of New York, except for Grand Island residents, as defined by Defendants, using vehicles registered at a Grand Island address.

13. The Grand Island Bridge is owned by Defendant NYSTA.

14. The Grand Island Bridge is operated by Defendant NYSTA.

15. The Grand Island Bridge is maintained by Defendant NYSTA.

16. The vehicle tolls on the Grand Island Bridge are all collected by Defendant NYSTA.

17. The vehicle tolls on the Grand Island Bridge are all property of the Defendant NYSTA.

18. The vehicle toll policies concerning the Grand Island Bridge are all controlled by Defendant NYSTA.

19. The NYSTA is a self-supported toll facility, and an estimated one-third of users of NYSTA facilities contributing to this support are out-of-state motorists (See NYSTA press release from Defendant's website at http://www.nysthruway.gov/news/pressrel/2006/04/niagarafactsheet.pdf, a copy of which is attached hereto as Exhibit "A" and is incorporated as it fully set forth herein).

20. The Grand Island Bridge is an instrumentality or channel of interstate commerce.

21. Under the discriminatory pricing policies of Defendants, the normal toll for the Grand Island Bridge is $.75, but residents of Grand Island have been accorded a preferential discount of up to $.66 (See NYSTA Toll Rates from Defendant's website at http://www.thruway.state.ny.us/ezpass/discount.html#grandres, a copy of which is attached hereto as Exhibit "B" and is incorporated as it fully set forth herein).

22. The Grand Island discount set forth immediately above are only available to residents living on Grand Island as evidenced by their vehicle registrations or other residency-type document, strictly in the use of vehicles that are registered at a Grand Island address.

23. During the relevant time period (that is, within the Class Period as described below), Plaintiffs used the Grand Island Bridge and paid the higher nonresident toll rates, without any ability to obtain the preferential discounts accorded the residents of Grand Island, the preferentially treated New York residents.

24. The use of the Grand Island Bridge and the preferential tolls collected by Defendants all directly implicate interstate commerce and monetarily affect the travel of citizens of the United States who were not residents of the preferentially treated location

in New York State, *i.e.*, Grand Island.  The amounts of the tolls discriminatorily collected are presently unknown and exclusively within the knowledge of Defendants, but the amount is, upon information and belief, substantial.   No substantial government interest supports the discriminatory toll structure, and whatever ends it seeks to achieve could be achieved by alternatives that do not discriminate according to residence.

25.     By charging Plaintiffs and the other class members for tolls at a higher rate than Grand Island residents, Defendants have violated the Constitution's Commerce, Privileges and Immunities and Equal Protection Clauses, as well as Article I, § 11 of the New York State Constitution. This scheme, under which Defendants illegally charged Plaintiffs and the other members of the Class monies to which Defendants were not legally entitled, has resulted in the unjust enrichment of Defendants to the detriment of Plaintiffs and the other members of the Class who paid the full non-discounted amounts.

26.     Unless enjoined, Defendants will continue to charge discriminatory tolls to those citizens of the United States who are not residents of Grand Island in New York State.

## CLASS ACTION ALLEGATIONS

27.     Plaintiffs bring this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and the following class (the "Class") of:

> All United States citizens who, since March 6, 2000 (the "Class Period") paid tolls at the Grand Island bridges without the benefit of the resident discount that had been made available by Defendants for residents of Grand Island.  Excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

28.     The members of the class are so numerous as to render joinder impracticable.  Upon information and belief, each day thousands of United States citizens use the facilities at issue in this lawsuit.

29.     Common questions of law and fact exist as to all members of the Class, in that they all have and had their rights to the protections provided by the United States Constitution and Defendants have acted in a common manner towards Plaintiffs and all the members of the Class.  The common questions of law and fact that exist relate to the maintenance of the discriminatory toll policies alleged herein and whether Defendants have any basis for these policies so as to make them constitutionally permissible.  These claims are archetypically common and identical as to all members of the Class.

30.     Plaintiffs' claims are typical of the claims of the members of the Class inasmuch as both named Plaintiffs are members of the Class and have paid the discriminatory tolls and, by virtue of their continued use of Defendants' facilities, will hereafter continue to pay the discriminatory tolls unless Defendants are enjoined from maintaining their discriminatory toll structure.  Plaintiffs have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of

7

the Class. Plaintiffs have no interests that are adverse to the interests of the members of the Class, have retained counsel experienced in class action litigation to prosecute their claims, and are adequate Class representatives.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the Class is impracticable given the large number of Class members and the fact that they are dispersed over a large geographical area. Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. The cost to the federal court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, protects the rights of each member of the Class, and permits resolution of the controversy presented in a single, unitary proceeding.

32. Upon information and belief, there are no other actions pending to address the Defendants' allegedly wrongful conduct.

33. This action, in part, seeks declaratory and injunctive relief. As such, the Plaintiffs seek class certification under Fed. R. Civ. P. 23(b)(2), in that all Class members were subject to the same discriminatory toll policies and their individual monetary damages are incidental to the existence of the allegedly Constitutionally-violative policies. In addition to that relief, or in the alternative, Plaintiffs seek certification under Rule 23(b)(3) or seek partial certification under Fed. R. Civ. P. 23(c)(4).

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION UNDER 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS FOR VIOLATION OF THE COMMERCE, PRIVILEGES AND IMMUNITIES AND/OR EQUAL PROTECTION CLAUSES OF THE UNITED STATES CONSTITUTION

34. Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 3 as if set forth fully herein.

35. Defendants, under color of law, conspired with one another to deprive plaintiffs and members of the Class of their constitutional rights, including their rights under the Commerce Clause, because by charging them more for traveling on NYSTA facilities than they charged certain in-state residents, their toll programs discriminated against or imposed impermissible burdens on interstate commerce, .

36. The toll programs facially discriminate to the disadvantage of out-of-state interests and to the advantage of in-state interests and place burdens on interstate commerce that exceed any local benefit that allegedly may be derived from them.

37. Defendants, under color of law, conspired with one another to deprive Plaintiffs and members of the Class of their rights under the equal protection and due process of law sections of the Fourteenth Amendment because the programs impinged upon their fundamental rights by charging them more for traveling on NYSTA facilities than residents of the preferred locale.

38. Additionally, Defendants, under color of law, conspired with one another to deprive plaintiff RUBIN and members of the Class who are not New York State residents of their constitutional rights under the Privileges and Immunities Clause of Article IV and/or the Fourteenth Amendment by charging them more for traveling than they charged certain New York State residents.

39. Defendant JOHN L. BUONO, acting individually and in his official capacity as supervisory and/or administrative officer of Defendant NYSTA, under color of law, did institute, authorize, ratify, permit and/or acquiesce in the enactment and the enforcement of the discriminatory toll program, which violates Plaintiffs' and the Class' Constitutional rights, including, but not limited to, Plaintiffs' and the Class' right to interstate travel, equal protection and/or due process of law, all in violation of the Commerce Clause, the Privileges and Immunities Clause and/or the Fourteenth Amendment and in violation of the laws of the United States and of 42 U.S.C. § 1983.

40. As a direct and proximate result of Defendants' violation of one or more of the constitutional rights of Plaintiffs and the Class, Plaintiffs and the Class have sustained ascertainable damages related to the collection of tolls in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiffs and the Class will continue to suffer such damages hereafter.

41. This conduct on the part of all Defendants represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

42. Plaintiffs are entitled to declaratory, injunctive and compensatory relief, as is set forth below.

43. Plaintiffs are entitled to attorney fees pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE NEW YORK STATE CONSTITUTION, Art. I, § 11.**

44. Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 43 as if set forth fully herein.

45. Defendants, under color of law, conspired with one another to deprive plaintiff SELEVAN and members of the Class of their rights, including their rights under the New York State Constitution, Art. I, § 11 because the discount programs imposed conditions different on one geographic area of New York different to all other areas of New York, thereby discriminating against all other New York residents other than those eligible for the discounts.

46. The discriminatory toll program is facially discriminatory against the interests of all New York residents not eligible for the discounts. It places a burden that exceeds any local benefit that allegedly may be derived from it.

47. Defendant JOHN L. BUONO, acting individually and in his official capacity as supervisory and/or administrative officer of Defendant NYSTA, under color of law, did institute, authorize, ratify, permit and acquiesce in the enactment and the enforcement of the discriminatory toll programs which violate Plaintiff SELEVAN's and the Class' New York State Constitutional rights.

48. As a direct and proximate result of Defendants' violation of Plaintiff SELEVAN's and the Class' New York State Constitutional rights, Plaintiff SELEVAN and the Class have sustained ascertainable damages related to the collection of tolls in an amount to be determined at trial, and unless Defendants are enjoined will continue to suffer such damages hereafter.

49. Plaintiff SELEVAN and the Class are entitled to declaratory, injunctive and compensatory relief, as is set forth below, as well as such other relief as the Court deems proper, as well as costs of suit, as is set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### FOR UNJUST ENRICHMENT

50. Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 49 as if set forth fully herein.

51. By virtue of their obtaining monies in connection with their practices which are unconstitutional under the United States and New York Constitutions, Defendants have been unjustly enriched to the detriment of Plaintiffs and the other members of the Class.

52. Defendants' retention of the monies it has gained through its wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

53. Defendants should be required to make restitution to Plaintiffs and the other members of the Class, in an amount to be determined, of the monies by which it has been unjustly enriched.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### FOR MONEY HAD AND RECEIVED

54. Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 53 as if set forth fully herein.

55. Defendants unlawfully charged or caused the unlawful charging of Plaintiffs and other members of the Class toll charges to which Defendants were not legally entitled, and by doing so Defendants collected or received money belonging to Plaintiffs and other members of the Class to which Defendants were not entitled.

56. Defendants benefited from the receipt of the money unlawfully collected from the Plaintiffs and the members of the Class, and Plaintiffs and the members of the

Class have a right under the circumstances to have such monies returned to them, in whole or part, under principles of law.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs SELEVAN and RUBIN on behalf of themselves and on behalf of a Class of others similarly situated, request that this Honorable Court grant them the following relief:

A. An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23 with SELEVAN and RUBIN as Class representatives;

B. A declaratory judgment against Defendants declaring their discriminatory toll discount policies, practices and programs to be unconstitutional and improper;

C. A preliminary and permanent injunction enjoining Defendants from continuing to engage in their discriminatory toll discount policies, practices and programs;

D. A judgment against all Defendants, awarding damages and/or restitution to each named Plaintiff and each member of the proposed Class in an amount to be determined by a Jury and/or the Court on both an individual and a class wide basis; and

E. A monetary award for attorney's fees and the costs of this action, including, in applicable, expert witness fees, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23.

      F.      For such other and further relief as to the Court seems proper, together with the costs of this action.

Dated:  New York, New York
         September 5, 2006

                  Respectfully submitted,

                  _s/ Andrew P. Bell_
                  Seth R. Lesser (Bar No. 513659)
                  Andrew P. Bell (Bar No. 513656)
                  LOCKS LAW FIRM, PLLC
                  110 E. 55th Street, 12th Floor
                  New York, NY 10022
                  212.838.3333 (tel)
                  www.lockslaw.com

                  Harley J. Schnall
                  LAW OFFICE OF HARLEY J. SCHNALL
                  711 West End Avenue
                  New York, New York 10025
                  212.678.6546 (tel)

                  Attorneys for Plaintiffs and the Class