UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

————————————————————————— x
                                                      :
ROBERT SELEVAN, ANNE RUBIN,                            :
DAVID TALARICO  and SAMUEL TAUB,                       :
individually and on behalf of all others              :
similarly situated,                                   :
                                                      :
      Plaintiffs,                                     :
                                                      :              SECOND
                   v.                                 :        AMENDED COMPLAINT
                                                      :
NEW YORK THRUWAY AUTHORITY                             :    Civil Action No. 06-cv-291 (GLS/DRH)
and JOHN L. BUONO, in his official capacity            :
as Chief Executive Officer and Chairman               :
of the New York Thruway Authority,                     :
                                                      :
      Defendants.                                     :
————————————————————————— x


        Plaintiffs Robert Selevan, Anne Rubin, David Talarico and Samuel Taub, by their

attorneys Klafter Olsen & Lesser LLP, and the Law Office of Harley J. Schnall, as and

for their Complaint against Defendants, allege as follows:

**NATURE OF CASE**

        1.      This is a civil rights class action, brought by plaintiffs Robert Selevan,

Anne Rubin, David Talarico and Samuel Taub (hereinafter "Plaintiffs") on behalf of

themselves and all others similarly situated, arising from the differential and

discriminatory toll policies that Defendants have in effect at certain facilities in New

York State under which discounts are made available to residents of certain areas of New

York State to the exclusion of residents of other states or other areas of New York State.

        2.      As set forth below in more detail, Plaintiffs allege the differential and

discriminatory toll pricing violates the United States Constitution, Art. I, § 8, cl. 3 ("the

Commerce Clause"), Amend. XIV, § 1, cl. 2 ("the Privileges or Immunities Clause") and

Amend. XIV, § 1 cl. 4 ("the Equal Protection Clause"), and thereby is actionable under

42 U.S.C. § 1983, and also that the pricing violates the New York State Constitution, Art.

I, § 11, and has led Defendant NYSTA to be unjustly enriched to the detriment of

Plaintiffs and the other members of the Class and New York Subclass, as defined in

paragraph 29, below.

**JURISDICTION**

3.        This Court has jurisdiction over this action pursuant to 28 U.S.C. §§

1331, 1337, and 1343 because this action is filed to obtain injunctive and compensatory

relief for the deprivation, under color of state law, of the rights of citizens of the United

States secured by the United States Constitution and federal law pursuant to 42 U.S.C. §

1983.  This Court also has jurisdiction over this action under the provisions of 28 U.S.C.

§ 2201 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28

U.S.C. § 1367.

4.        Venue is proper under 28 U.S.C. § 1391(b) because Defendants have

their principal places of business within this District.

**THE PARTIES**

5.        Plaintiff Robert Selevan is an individual who resides in Nassau County

in the State of New York and who, in the course of engaging in interstate commerce, used

an interstate channel of commerce, the facilities on Interstate-190 known collectively as

the Grand Island Bridge, and paid tolls there at the nonresident rate during the relevant

alleged class period.  Such usage of the Grand Island Bridge constituted a portion of a

trip through the State of New Jersey and the State of New York that included tourism and

2

shopping, and encompassed the purchase of goods or services or other economic activity with commercial establishments therein.

6.      Plaintiff Anne Rubin is a United States citizen who resides in Ontario, Canada and who, in the course of engaging in interstate commerce, used the Grand Island Bridge, a channel of interstate commerce, and paid tolls there at the nonresident rate during the relevant alleged class period.  Such usage of the Grand Island Bridge constituted a portion of a trip through the State of New Jersey and the State of New York that included shopping and encompassed the purchase of goods or services or other economic activity with commercial establishments therein.

7.      Plaintiff David Talarico is an individual who resides in Erie County in the State of New York and who, in the course of pursuing his livelihood and participating in the interstate labor market, used the facilities on Interstate-190 known collectively as the Grand Island Bridge and, in regularly using this channel of interstate commerce, paid tolls at the nonresident commuter rate to travel to work on a weekday basis during the relevant alleged class period.

8.      Plaintiff Samuel Taub is an individual who resides in Erie County in the State of New York and who, in the course of pursuing his livelihood and participating in the interstate labor market, used the facilities on Interstate-190 known collectively as the Grand Island Bridge and, in regularly using this channel of interstate commerce, paid tolls at the nonresident commuter rate to travel to work on a weekday basis during the relevant alleged class period.

9.      Defendant New York State Thruway Authority ("NYSTA") was and is a public benefit corporation organized and existing under and by virtue of a charter by the

3

State of New York, and at all relevant times was charged with managing transportation

facilities in the State of New York.  The NYSTA operates, among other facilities, the

Grand Island Bridge.

10.     The principal place of business of the NYSTA is located at Albany, New

York.

11.     The NYSTA is neither the "alter ego" nor the "arm" of the State of New

York, but is an autonomous corporation, and thus does not come within the aegis of the

Eleventh Amendment of the U.S. Constitution.

12.     Defendant John L. Buono is Chairman and Chief Executive Officer of

the NYSTA, and under his aegis the policies and actions of the NYSTA are set,

continued and directed, and, as such he is a policy maker with respect to the conduct

alleged herein.  Mr. Buono is sued in his official capacity.

## ALLEGATIONS

13.     The Commerce Clause of the United States Constitution (Article I, § 8,

cl. 3) prohibits states and their agencies from impacting the flow of interstate commerce

through non-uniform tolls, tariffs or taxation schemes.  Similarly, the Privileges or

Immunities (U.S. Constitution, Amendment XIV, § 1, cl. 2) and Equal Protection Clauses

(U.S. Constitution, Amendment XIV, § 1, cl. 4) prohibit any state or state agency from

discriminating against or burdening travelers through non-uniform tolls, tariffs or

taxation schemes.

14.     During the Class Period, as defined below, and continuing today,

Defendants have implemented and/or maintained policies setting a higher price for tolls

on the Grand Island Bridge, for motorists traveling in vehicles with motor vehicle

4

registrations from states other than New York and from all areas of New York, except for

Grand Island residents, as defined by Defendants, using vehicles registered at a Grand

Island address.

15.    The Grand Island Bridge is owned by Defendant NYSTA.

16.    The Grand Island Bridge is operated by Defendant NYSTA.

17.    The Grand Island Bridge is maintained by Defendant NYSTA.

18.    The vehicle tolls on the Grand Island Bridge are all collected by

Defendant NYSTA.

19.    The vehicle tolls on the Grand Island Bridge are all property of the

Defendant NYSTA.

20.    The vehicle toll policies concerning the Grand Island Bridge are all

controlled by Defendant NYSTA.

21.    The NYSTA is a self-supported toll facility, and an estimated one-third

of users of NYSTA facilities contributing to this support are out-of-state motorists (*see*

"Thruway Fact Book" section available on Defendant's website at

http://www.nysthruway.gov/about/factbook/index.html#WhyTolls, a copy of which is

attached hereto as Exhibit "A" and is incorporated as it fully set forth herein).

22.    The Grand Island Bridge is an instrumentality or channel of interstate

commerce.

23.    Under the discriminatory pricing policies of Defendants, the full toll rate

for the Grand Island Bridge is currently $1.00, and the commuter toll rate is $0.28, but

residents of Grand Island have been accorded a preferential rate of $.09 during the

relevant time period (*see* NYSTA Toll Rates available on Defendant's website at

http://www.nysthruway.gov/ezpass/discount.html, a copy of which is attached hereto as

Exhibit "B" and is incorporated as it fully set forth herein).

24.     The Grand Island discount set forth immediately above is only available

to residents living on Grand Island, as evidenced by their vehicle registrations or other

residency-type document, strictly in the use of vehicles that are registered at a Grand

Island address.

25.     During the relevant time period (that is, within the Class Period as

described below), Plaintiffs and the members of the Class (and New York Subclass) used

the Grand Island Bridge and paid the higher nonresident toll rates, without any ability to

obtain the preferential discounts accorded the residents of Grand Island, the preferentially

treated New York residents.

26.     The use of the Grand Island Bridge and the preferential tolls collected by

Defendants all directly implicate interstate commerce and monetarily affect the travel of

citizens of the United States who were not residents of the preferentially treated location

in New York State, *i.e.*, Grand Island.  The amounts of the tolls discriminatorily collected

are presently unknown and exclusively within the knowledge of Defendants, but the

amount is, upon information and belief, substantial.  No substantial government interest

supports the discriminatory toll structure, and whatever ends it seeks to achieve could be

achieved by alternatives that do not discriminate according to residence.

27.     By charging Plaintiffs and the other Class and New York Subclass

members for tolls at a higher rate than Grand Island residents, Defendants have violated

the U.S. Constitution's Commerce, Privileges or Immunities, and Equal Protection

Clauses, as well as Article I, § 11 of the New York State Constitution. This scheme,

under which Defendants illegally charged Plaintiffs and the other members of the Class

(and New York Subclass) monies to which Defendant NYSTA was not legally entitled,

has resulted in the unjust enrichment of Defendant NYSTA to the detriment of Plaintiffs

and the other members of the Class (and New York Subclass) who paid the full non-

discounted amounts.

28.      Unless enjoined, Defendants will continue to charge discriminatory tolls

to those citizens of the United States who are not residents of Grand Island in New York

State.

## CLASS ACTION ALLEGATIONS

29.      Plaintiffs bring this action pursuant to Rules 23(b)(2) and 23(b)(3) of the

Federal Rules of Civil Procedure on behalf of themselves and the following class (the

"Class") of:

> All United States citizens who, since March 6, 2000 (the "Class
> Period") paid tolls at the Grand Island bridges without the benefit of
> the resident discount that had been and is made available by
> Defendants for residents of Grand Island.  Excluded from the class
> are Defendants and any and all of their respective affiliates, legal
> representatives, heirs, successors, employees or assignees.

In addition, Plaintiffs also move for a subclass (the "New York Subclass") consisting of:

> All New York State residents who, since March 6, 2000 paid tolls at
> the Grand Island bridges without the benefit of the resident discount
> that had been and is made available by Defendants for residents of
> Grand Island.  Excluded from the class are Defendants and any and
> all of their respective affiliates, legal representatives, heirs,
> successors, employees or assignees.

30.      The members of the Class and the New York Subclass are both so

numerous as to render joinder impracticable.  Upon information and belief, each day

thousands of United States citizens and at least hundreds of New York State residents, other than Grand Island residents, use the facilities at issue in this lawsuit.

31.      Common questions of law and fact exist as to all members of the Class and New York Subclass, in that they all have and had their rights to the protections provided by the United States Constitution or New York State Constitution and Defendants have acted in a common manner towards Plaintiffs and all the members of the Class and New York Subclass.  The common questions of law and fact that exist relate to the maintenance of the discriminatory toll policies alleged herein and whether Defendants have any basis for these policies so as to make them constitutionally permissible.  These claims are archetypically common and identical as to all members of the Class and the New York Subclass.

32.      Plaintiffs' claims are typical of the claims of the members of the Class and New York Subclass inasmuch as named Plaintiffs have paid the discriminatory tolls and, by virtue of their continued use of Defendants' facilities, will hereafter continue to pay the discriminatory tolls unless Defendants are enjoined from maintaining their discriminatory toll structure.  Plaintiffs have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class (and New York Subclass).  Plaintiffs have no interests that are adverse to the interests of the members of the Class (or New York Subclass), have retained counsel experienced in class action litigation to prosecute their claims, and are adequate Class (and New York Subclass) representatives.

33.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members

of the Class (and New York Subclass) is impracticable given the large number of Class

(and New York Subclass) members and the fact that they are dispersed over a large

geographical area.  Furthermore, the expense and burden of individual litigation would

make it difficult or impossible for individual members of the Class (and New York

Subclass) to redress the wrongs done to them.  The cost to the federal court system of

adjudicating thousands of individual cases would be enormous.  Individualized litigation

would also magnify the delay and expense to all parties and the court system.  By

contrast, the conduct of this action as a class action in this District presents far fewer

management difficulties, conserves the resources of the parties and the court system,

protects the rights of each member of the Class and of the New York Subclass, and

permits resolution of the controversy presented in a single, unitary proceeding.

       34.       Upon information and belief, there are no other actions pending to

address the Defendants' allegedly wrongful conduct.

       35.       This action, in part, seeks declaratory and injunctive relief.  As such, the

Plaintiffs seek class certification under Fed. R. Civ. P. 23(b)(2), in that all Class and New

York Subclass members were subject to the same discriminatory toll policies and their

individual monetary damages are incidental to the existence of the allegedly

Constitutionally-violative policies.  In addition to that relief, or in the alternative,

Plaintiffs seek certification under Rule 23(b)(3) or seek partial certification under Fed. R.

Civ. P. 23(c)(4).

**CAUSES OF ACTION**

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS
UNDER 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS FOR VIOLATION OF
THE COMMERCE, PRIVILEGES OR IMMUNITIES AND/OR EQUAL
PROTECTION CLAUSES OF THE UNITED STATES CONSTITUTION**

36.     Plaintiffs incorporate by reference and reallege each and every allegation

stated in paragraphs 1 through 35 as if set forth fully herein.

37.     Defendants, under color of law, deprived plaintiffs and members of the

Class of their constitutional rights, including their rights under the Commerce Clause,

because by charging them more for traveling on NYSTA facilities than they charged

certain in-state residents, their toll programs discriminated against or imposed

impermissible burdens on interstate commerce.

38.     The toll programs facially discriminate to the disadvantage of out-of-

state buyers and sellers of goods and services, and to the advantage of certain in-state

buyers and sellers of goods and services, including, but not limited to, labor services, and

place burdens on interstate commerce that exceed any local benefit that allegedly may be

derived from them.

39.     Defendants, under color of law, deprived Plaintiffs and members of the

Class of their rights under the equal protection and due process of law sections of the

Fourteenth Amendment because the programs impinged upon their fundamental rights by

charging them more for traveling on NYSTA facilities than residents of the preferred

locale.

40.     Additionally, Defendants, under color of law, deprived plaintiffs and

members of the Class of their constitutional rights under the Privileges or Immunities

Clause of the Fourteenth Amendment because the programs impinged upon their right to

travel by charging them substantially more for traveling on NYSTA facilities than residents of the preferred locale.

41.     Defendant John L. Buono, acting in his official capacity as supervisory and/or administrative officer of Defendant NYSTA, under color of law, did institute, authorize, ratify, permit and/or acquiesce in the enactment, continuation and enforcement of the discriminatory toll program, which violates Plaintiffs' and the Class' Constitutional rights, including, but not limited to, Plaintiffs' and the Class' right to interstate and intrastate travel, equal protection and/or due process of law, all in violation of the Commerce Clause, the Privileges or Immunities Clause and/or the Fourteenth Amendment and in violation of the laws of the United States and of 42 U.S.C. § 1983.

42.     As a direct and proximate result of Defendants' violation of one or more of the constitutional rights of Plaintiffs and the Class, Plaintiffs and the Class have sustained ascertainable damages related to the collection of tolls in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiffs and the Class will continue to suffer such damages hereafter.

43.     This conduct on the part of all Defendants represents a violation of 42 U.S.C. § 1983 because their actions were undertaken under color of state law.

44.     Plaintiffs are entitled to declaratory, injunctive and compensatory relief, as is set forth below.

45.     Plaintiffs are entitled to attorney fees pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE NEW YORK SUBCLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF THE NEW YORK STATE CONSTITUTION, Art. I, § 11**

46.     Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 35 as if set forth fully herein.

47.     Defendants, under color of law, deprived plaintiffs Selevan, Talarico, and Taub (hereinafter "New York Plaintiffs") and other members of the New York Subclass of their rights, including their rights under the New York State Constitution, Art. I, § 11 because the discount programs imposed conditions different for one geographic area of New York than all other areas of New York, thereby discriminating against all other New York residents other than those eligible for the discounts.

48.     The discriminatory toll program is facially discriminatory against the interests of all New York residents not eligible for the discounts.  It places a burden that exceeds any local benefit that allegedly may be derived from it.

49.     Defendant John L Buono, acting in his official capacity as supervisory and/or administrative officer of Defendant NYSTA, under color of law, did institute, authorize, ratify, permit and acquiesce in the enactment and the enforcement of the discriminatory toll programs which violate the New York State Constitutional rights of the New York Plaintiffs and other members of the New York Subclass.

50.     As a direct and proximate result of Defendants' violation of the New York State Constitutional rights of the New York Plaintiffs and other members of the New York Subclass, the New York Plaintiffs and other members of the New York Subclass have sustained ascertainable damages related to the collection of tolls in an

12

amount to be determined at trial, and unless Defendants are enjoined will continue to

suffer such damages hereafter.

51.    New York Plaintiffs and the New York Subclass are entitled to

declaratory, injunctive and compensatory relief, as is set forth below, as well as such

other relief as the Court deems proper, as well as costs of suit, as is set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE CLASS AGAINST DEFENDANT NYSTAFOR UNJUST ENRICHMENT

52.    Plaintiffs incorporate by reference and reallege each and every allegation

stated in paragraphs 1 through 35 as if set forth fully herein.

53.    By virtue of their obtaining monies in connection with their practices

which are unconstitutional under the United States and New York Constitutions,

Defendant NYSTA has been unjustly enriched to the detriment of Plaintiffs and the other

members of the Class.

54.    Defendant NYSTA's retention of the monies it has gained through its

wrongful acts and practices would be unjust considering the circumstances of their

obtaining those monies.

55.    Defendant NYSTA should be required to make restitution to Plaintiffs

and the other members of the Class, in an amount to be determined, of the monies by

which it has been unjustly enriched.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE CLASS AGAINST DEFENDANT NYSTA FOR MONEY HAD AND RECEIVED

56.    Plaintiffs incorporate by reference and reallege each and every allegation

stated in paragraphs 1 through 35 as if set forth fully herein.

57.     Defendant NYSTA unlawfully charged or caused the unlawful charging of Plaintiffs and other members of the Class toll charges to which Defendant was not legally entitled, and by doing so Defendant collected or received money belonging to Plaintiffs and other members of the Class to which Defendant was not entitled.

58.     Defendant NYSTA benefited from the receipt of the money unlawfully collected from the Plaintiffs and the members of the Class, and Plaintiffs and the members of the Class have a right under the circumstances to have such monies returned to them, in whole or part, under principles of law.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs SELEVAN, RUBIN, TALARICO and TAUB on behalf of themselves and on behalf of, as applicable, the Class and New York Subclass of all others similarly situated, request that this Honorable Court grant them the following relief:

A.     An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23 with SELEVAN, RUBIN TALARICO and TAUB as class representatives of the Class and with SELEVAN, TALARICO and TAUB as class representatives of the New York Subclass;

B.     A declaratory judgment against Defendants declaring their discriminatory toll discount policies, practices and programs to be unconstitutional and improper;

C.      A preliminary and permanent injunction enjoining Defendants from continuing to engage in their discriminatory toll discount policies, practices and programs;

D.      A judgment against Defendant NYSTA, awarding damages and/or restitution to each named Plaintiff and each member of the proposed Class and of the New York Subclass in an amount to be determined by a Jury and/or the Court on both an individual and a class wide basis; and

E.      A monetary award for attorney's fees and the costs of this action, including, in applicable, expert witness fees, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23.

F.      For such other and further relief as to the Court seems proper, together with the costs of this action.

Dated:  New York, New York
       April 20, 2010

Respectfully submitted,


/s/ Seth R. Lesser
Seth R. Lesser
Fran L. Rudich
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York  10573
914.934.9200 (tel)
www.klafterolsen.com

Harley J. Schnall
LAW OFFICE OF HARLEY J. SCHNALL
711 West End Avenue
New York, New York 10025
212.678.6546 (tel)

Attorneys for Plaintiffs and the Class

15