| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK | **ANSWER TO SECOND<br>AMENDED COMPLAINT** |
| ROBERT SELEVAN, ANNE RUBIN, DAVID TALARICO AND SAMUEL TAUB, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | 06-CV-0291<br><br>GLS/DRH |
| *Plaintiffs*, | |
| -against- | |
| NEW YORK THRUWAY AUTHORITY; AND JOHN L. BUONO, IN HIS OFFICIAL CAPACITY AS CHIEF EXECUTIVE OFFICER AND CHAIRMAN OF THE NEW YORK THRUWAY AUTHORITY, | |
| *Defendants*. | |

Defendants New York Thruway Authority ("NYTA") and John L. Buono by their attorney, Andrew M. Cuomo, Attorney General of the State of New York, Roger W. Kinsey, Assistant Attorney General of counsel, answer the complaint as follows:

1. Deny each and every allegation contained in the complaint that alleges or tends to allege that the defendants took any actions contrary to constitutional, statutory, regulatory or case law with respect to the plaintiffs.

2. In response to the allegations contained in paragraphs 1 and 2, object to the form of the allegations as not complying with FRCP 10 (b) and objection that the statements are conclusory in nature and call for a legal conclusion and without waiving said objection, deny that defendants' toll policies discriminate against plaintiffs or that defendants have violated the United States Constitution or the New York State Constitution and deny plaintiffs' characterizations and legal conclusions and deny each and every allegation of wrongdoing or violation of plaintiffs' rights by defendants.

3. In response to the allegations contained in paragraphs 3 and 4 of the complaint, admit that this Court has jurisdiction over actions properly within the authority of the cited statute and that venue is proper within the authority of the cited statute, but deny each and every allegation of wrongdoing or violation of plaintiffs' rights as may be alleged, and affirmatively allege that the complaint fails to state a claim upon which relief should be granted and that the court should not therefore assume jurisdiction over this action and to the extent the paragraphs contain factual allegations, defendants deny those allegations and deny plaintiffs' characterizations and conclusions.

4. In response to the allegations contained in paragraphs 5, 6, 7 and 8 of the complaint, deny knowledge or information sufficient to admit or deny the names, residency or travel of the plaintiffs and to the extent the paragraphs contain factual allegations concerning the defendants, defendants deny those allegations.

5. As to the allegations contained in paragraph 12 of the complaint, object to the form of the allegations as not complying with FRCP 10 (b) and without waiving said objection, admit the statement of Defendant Buono's name and that he is the Chairman of NYTA, deny knowledge or information as to what capacity Defendant Buono is being sued and deny the remainder of the paragraph.

6. As to the allegations contained in paragraph 13 of the complaint, object to the form of the allegations as not complying with FRCP 10 (b) and object that the statements are legal conclusions only and require no response and respectfully refer the Court to the document cited and referred to therein as the best evidence and most accurate version of its contents and deny the allegations to the extent they are inconsistent therewith.

7.     As to the allegations contained in paragraph 14 of the complaint, object to the form of the allegations as not complying with FRCP 10 (b) and without waiving said objection, deny plaintiffs' characterizations and conclusions and deny the allegations.

8.     As to the allegations contained in paragraph 20 of the complaint, object to the form of the allegations as not complying with FRCP 10 (b) and without waiving said objection, admit that Defendant NYTA sets toll policies, subject to legal limitations and restrictions.

9.     As to the allegations contained in paragraph 21 of the complaint, object to the form of the allegations as not complying with FRCP 10 (b) and without waiving said objection, admit that Defendant NYTA is a self-supported toll facility, subject to legal limitations and restrictions and respectfully refer the Court to the document cited and referred to therein as the best evidence and most accurate version of its contents and deny the allegations to the extent they are inconsistent therewith and deny knowledge or information sufficient to admit or deny the remainder of the allegations.

10.    As to the allegations contained in paragraphs 23 and 24 of the complaint, object to the form of the allegations as not complying with FRCP 10 (b) and without waving said objection respectfully refer the Court to the document cited and referred to therein as the best evidence and most accurate version of its contents and deny the allegations to the extent they are inconsistent therewith.

11.    As to the allegations contained in paragraph 25 of the complaint, object to the form of the allegations as not complying with FRCP 10 (b) and without waiving said objection, deny plaintiffs' allegations, characterizations and conclusions, object that the allegation is argumentative and deny knowledge or information to admit or deny who may be within the alleged class and deny

each and every allegation of wrongdoing or violation of plaintiffs' rights by defendants.

12. As to the allegations contained in paragraph 26 of the complaint, object to the form of the allegations as not complying with FRCP 10 (b) and without waiving said objection, deny plaintiffs' allegations, characterizations and conclusions, object that the allegation is argumentative and deny each and every allegation of wrongdoing or violation of plaintiffs' rights by defendants.

13. As to the allegations contained in paragraphs 29, 30, 31, 32 and 33 of the complaint, object to the form of the allegations as not complying with FRCP 10 (b) and object that the statements are legal conclusions only and require no response and respectfully refer the Court to the document cited and referred to therein as the best evidence and most accurate version of its contents and deny the allegations to the extent they are inconsistent therewith and deny plaintiffs' allegations, characterizations and conclusions and deny each and every allegation of wrongdoing or violation of plaintiffs' rights by defendants.

14. As to the allegations contained in paragraph 35 of the complaint, object to the form of the allegations as not complying with FRCP 10 (b) and without waiving said objection, deny plaintiffs' right to recover damages and/or the relief requested and deny each and every allegation of wrongdoing or violation of plaintiffs' rights by defendants.

15. As to the allegations in paragraphs 36, 46, 52 and 56 of the complaint, they contain reiterations of prior paragraphs and require no additional response other than that defendants deny each and every allegation of wrongdoing or violation of plaintiffs' rights and deny plaintiffs' characterizations and conclusions.

16. As to the allegations contained in un-numbered paragraph it is a request for a jury trial and as such requires no answer.

17. As to paragraph "Prayer for Relief" of the complaint, it is a prayer for relief and as such requires no response but deny plaintiffs' representation of the underlying facts and deny plaintiffs' characterizations and conclusions and deny plaintiffs' right to damages and/or other relief.

18. Deny knowledge or information to either admit or deny the allegations contained in paragraph 34 of the complaint.

19. Deny the allegations set forth in paragraphs 15, 22, 27, 28, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 53, 54, 55, 57 and 58 of the complaint.

20. Admit the allegations set forth in paragraphs 9, 10, 11, 16, 17, 18 and 19 of the complaint.

21. Deny each and every allegation in the complaint not specifically responded to above.

**Defenses**

20. The complaint fails to state a claim upon which relief can be granted.

21. Some or all of the defendants were not personally involved in the alleged constitutional or statutory violations and they are therefore not liable under 42 U.S.C. § 1983.

22. Defendants deny that they ever acted in willful disregard of the plaintiffs' rights, therefore, plaintiffs are not entitled to the punitive damages.

23. To the extent the plaintiffs have suffered any abridgment of rights, that abridgement is a result plaintiffs' own or third parties actions and inactions.

24. Plaintiffs lacks standing to bring some or all of the claims under 42 U.S.C. § 1983.

25. Some or all of plaintiffs' claims are barred by the statute of limitations.

26. Sovereign immunity bars removal of monies from state coffers.

27. The complaint is barred, in whole or in part, under the Eleventh Amendment.

28.     The Court lacks jurisdiction to dictate to State officials how to abide by the State Constitution.

WHEREFORE, Defendants respectfully request that this Court dismiss the complaint and deny the relief requested, and for such other relief as to the Court shall seem just and equitable.

DATED: Albany, New York
         May 5, 2010

                                 ANDREW M. CUOMO
                                 Attorney General of the State of New York
                                 Attorney for Defendants
                                 Office of the Attorney General
                                 The Capitol
                                 Albany, New York  12224

                                 *s/Roger W. Kinsey*
                                 Roger W. Kinsey
                                 Assistant Attorney General of Counsel
                                 Bar Roll No. 508171
                                 Telephone:  (518) 473-6288
                                 DOL #06-038056-O

TO:   Andrew P. Bell, Esq.
       Locks Law Firm, PLLC
       110 E. 55th Street, 12th Floor
       New York, NY  10022
       VIA ECF

       Seth R. Lesser, Esq.
       Locks Law Firm, PLLC
       VIA ECF

       Harley J. Schnall, Esq.
       Law Office of Harley J. Schnall
       711 West End Avenue
       New York, NY  10025
       VIA ECF