```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ROBERT SELEVAN, ANNE RUBIN,            :
DAVID TALARICO and SAMUEL TAUB,        :
individually and on behalf of all others :
similarly situated,                    :       Civil Action No. 06-cv-291 (GLS/DRH)
                                       :
                                       :
           Plaintiffs,                 :
                                       :
      v.                               :
                                       :
NEW YORK STATE THRUWAY                 :
AUTHORITY and JOHN L. BUONO, in his    :
official capacity as Chief Executive Officer :
and Chairman of the New York State     :
Thruway Authority,                     :
                                       :
           Defendants.                 :
-----------------------------------------------------X
```

**[PROPOSED]**
**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Currently before the Court is Plaintiffs' Motion for Class Certification. The Court having reviewed all the moving papers and all opposition thereto, and having considered the arguments of counsel, and for good cause, shown:

IT IS on this _____ day of _____, 2011,

HEREBY ORDERED THAT Plaintiffs' Motion is hereby GRANTED, this Court having determined that all the prerequisites set forth in Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3) are met insofar as:

(1)   the proposed class and the proposed subclass are sufficiently numerous so that joinder is impracticable;

(2)   there are questions of law or fact common to the proposed class and the proposd subclass, including: (a) did Defendants implement an unconstitutional resident discount program for toll collection at the the Grand Island Bridge; and, if so, (b) are Defendants responsible for these Constitutional violations; and, (c) if violations of law are found, to what remedies are Plaintiffs and the proposed class and subclass entitled?

(3)   the claims or defenses of the proposed representative Plaintiffs are typical of the claims of the proposed class and subclass that they seek to represent;

(4)   the proposed representative Plaintiffs will fairly and adequately protect the interests of the proposed class and subclass,

(5)   the parties opposing certification of the class and subclass have acted or refused to act on grounds generally applicable to the class and subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class and subclass as a whole, and

(6)   the questions of law or fact common to the members of the proposed class and subclass predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy because the members of the proposed class and subclass have little interest in individually controlling the prosecution of separate actions, and there are no substantial difficulties likely to be encountered in the management of this class action.

IT IS FURTHER ORDERED THAT the certified class and subclass will consist of the following:

> All motorists ,who, since March 6, 2000 (the "Class Period"), paid a toll at the Grand Island Bridge for a motor vehicle classified by Defendants as "2L" with an electronic transponder issued by the E-ZPass New York Customer Service Center without the benefit of the resident discount that has been and is made available by Defendants for

residents of Grand Island (the "Class"); and all New York resident motorists who, since March 6, 2000 (the "Sub-Class Period"), paid a toll at the Grand Island Bridge for a motor vehicle classified by Defendants as "2L" with an electronic transponder issued by the E-ZPass New York Customer Service Center without the benefit of the resident discount that has been and is made available by Defendants for residents of Grand Island (the "Sub-Class").  Excluded from the Class and Sub-Class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees, or assignees.

IT IS FURTHER ORDERED THAT the Plaintiffs designated as Class Representatives on behalf of the Class and the Sub-Class shall serve in those capacities.

IT IS FURTHER ORDERED THAT Seth R. Lesser and Fran L. Rudich of Klafter Olsen & Lesser LLP; and Harley Schnall of the Law Office of Harley J. Schnall are designated as Class Counsel.

SO ORDERED this _____ day of _____, 2011.

_____
Hon. Gary L. Sharpe